LIZZIE ALSTON, EXECUTRIX, ETC., v. R. E. WILLIAMS.

(Filed 9 March, 1921.)

APPEAL by defendant from *Lyon, J.,* at the September Term, 1920, of WARREN.

This is an action to recover the value of certain cotton which the plaintiff alleges the defendant received as agent and failed to account for.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Frank H. Gibbs for plaintiff.*
*T. T. Hicks for defendant.*

PER CURIAM. An examination of the record creates the impression with us that the plaintiff has probably recovered more than the defendant ought to pay, but we find no error which would justify disturbing the verdict and judgment.

No error.

———

CARRIE H. KINSEY, ADMINISTRATRIX, v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

(Filed 9 March, 1921.)

**Insurance, Life—Policies—Contracts—Suicide—Evidence—Questions for Jury—Trials.**

Upon the defense of suicide in an action to recover upon a policy of life insurance, evidence tending to show that the insured was a nervous, irritable, and high-tempered man; that a few minutes before he had finished eating dinner with his family and had gone into an adjoining room, and that his wife, upon hearing a noise, had gone into this room, and found her husband lying on the floor with a pistol wound, from his own pistol, evidently taken by him from the shelf of a book case in this room, where he kept it, fired from very close range into his temple, is sufficient to go to the jury upon the question of whether the defendant had intentionally taken his own life.

APPEAL by plaintiff from *Bond, J.,* at December Term, 1920, of JONES.

Civil action to recover upon a life insurance policy issued by the defendant to plaintiff's intestate, Guy T. Kinsey. The case turns upon a single question. Defendant admitted the execution of the policy and its liability thereon, unless its plea of suicide within the stipulated period was found to be valid. Only one issue was submitted to the jury, and answered by it as follows: